# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1997

FILED

July 31, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9603-CC-00108** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BEDFORD COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHARLES LEE** |
| **JOEY LEE SMITH,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal/Rape of a Child)** |


FOR THE APPELLANT:

ANDREW JACKSON DEARING, III
117 South Main Street
Suite 101
Shelbyville, TN  37160

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MERRILYN FERRIMAN
Assistant Attorney General
500 Charlotte Avenue
Nashville, TN  37243

MIKE MCCOWN
District Attorney General

ROBERT G. CRIGLER
GARY M. JONES
Assistant District Attorney
Bedford County Courthouse
Shelbyville, TN  37160


OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

Appellant Joey Lee Smith was found guilty by a Bedford County Circuit Court jury of one count of rape of a child, six counts of aggravated sexual battery, one count of sexual battery, and two counts of reckless endangerment. As a Range I standard offender, Appellant received a sentence of nineteen years imprisonment for rape of a child, nine years imprisonment for the first count of aggravated sexual battery, nine years imprisonment for the second count of aggravated sexual battery, ten years for each of the remaining counts of aggravated sexual battery, one year imprisonment for sexual battery, and one year imprisonment for each count of reckless endangerment. The trial court ordered the sentences to be served concurrently for an effective sentence of nineteen years. On appeal, Appellant alleges that the evidence was insufficient, as a matter of law, to support his sexual offense convictions.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

The evidence submitted at trial and accredited by the jury's verdict reveals that the male victim of the rape and aggravated sexual batteries was age eleven at the time of the crimes.[1] Appellant, age twenty-five, and the victim were friends. The victim first met Appellant when Appellant was the neighborhood paperboy. In 1993, the victim began his own paper route. Appellant would help the victim with his paper route by driving him through the

---

[1] It is the policy of this Court to not reveal the name of minor victims of sexual offenses.

route.  Around April 15, 1994, Appellant showed the victim a document which he claimed was a will and told the victim that he was leaving everything to the victim when he died. The victim testified that the sexual abuse began in April and lasted until August.  He explained that every instance of misconduct was the same.  According to the victim, he and Appellant would go into Appellant's bedroom and Appellant would lay down a sheet or a towel.  Then Appellant "would take my clothes off and would start playing with me and take his clothes off and would stick his thing between my legs."  The victim would lay on his stomach while Appellant lay on top of him.  Appellant would move around until he ejaculated.  Appellant testified to a total of six occurrences.  In addition, in July, Appellant required the victim to perform fellatio on him.

The male victim of the sexual battery stated that he was sixteen when he spent the night with Appellant in January 1993.  Before the victim went to bed, he saw a gun in Appellant's hands and then observed the gun on a dresser pointed in his direction.  Appellant got into bed with the victim and began running his hands up the victim's leg.  Then Appellant grabbed the victim's penis and squeezed it, at which point the victim rolled over and away from Appellant.

Rape of a child is "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522 (Supp. 1996).  Sexual battery is "unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the circumstances listed in § 39-13-503(a)."  Of

the circumstances listed in Section 39-13-503(a) the State relied upon the circumstance found at subsection (1) in its prosecution of Appellant for sexual battery, i.e. force or coercion was used to accomplish the act.

Aggravated sexual battery is defined at Tennessee Code Annotated Section 39-13-504 (Supp. 1996) as "unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:

> (1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon;
> (2) The defendant causes bodily injury to the victim;
> (3) The defendant is aided or abetted by one (1) or more other persons; and
> > (A) Force or coercion is used to accomplish the act; or
> > (B) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or
> (4) The victim is less than thirteen (13) years of age.

The State relied upon subsection (4) in its prosecution of Appellant for aggravated sexual battery.

In his brief, Appellant alleges that the evidence submitted at trial was insufficient, as a matter of law, to sustain his convictions. However, he does not state which conviction of the ten he challenges. He simply states that the State failed to prove that he acted knowingly. Since a conviction for reckless endangerment does not require that Appellant act knowingly, we must

assume that Appellant challenges only his sexual offense convictions on sufficiency grounds. See Tenn. Code Ann. § 39-13-103.

Appellant was convicted on one count of rape of a child, six counts of aggravated sexual battery, and one count of sexual battery. Each of these statutes prohibits unlawful sexual penetration or unlawful sexual contact. Therefore, each of the statutes requires a showing that the defendant acted intentionally or knowingly. See Tenn. Code Ann. § 39-11-301(c) (1991). A person acts intentionally "with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." Tenn. Code Ann. § 39-11-302(a). The Sentencing Commission Comments state "[i]ntentional conduct or an intentional result occurs when the defendant wants to do the act or achieve the criminal objective." A person acts knowingly "with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." Tenn. Code Ann. § 39-11-302(b). The Sentencing Commission Comments state "[a] defendant acts knowingly . . . when he or she is aware of the conduct or is practically certain that the conduct will cause the result, irrespective of his or her desire that the conduct or result will occur."

The evidence presented at trial revealed that in practically every instance of misconduct, Appellant would lay a sheet or towel down on the floor of his bedroom, take off the victim's clothes, take off his clothes, and then lay on top of the victim who would be on his stomach. Then Appellant would

move around until he ejaculated. On one occasion, Appellant forced the victim to perform fellatio on him. The second victim testified that Appellant got into bed with him and began running his hand up his leg. Appellant then squeezed the victim's penis. Based on the foregoing evidence, it is clear that Appellant both intentionally and knowingly touched or penetrated the victims in a sexual manner. Accordingly, we affirm the convictions and sentences pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE